ZELLE, HOFMANN, VOELBEL, MASON & GETTE
A LIMITED LIABILITY PARTNERSHIP

BOSTON
DALLAS
LOS ANGELES
MINNEAPOLIS
SAN FRANCISCO
WASHINGTON, D.C.
BEIJING*
SHANGHAI*
*In association with ZY & Partners

500 WASHINGTON AVENUE SOUTH - SUITE 4000
MINNEAPOLIS, MINNESOTA 55415
612-339-2020 TELEPHONE
612-336-9100 FACSIMILE
www.zelle.com

Patricia St. Peter
pstpeter@zelle.com
(612) 336-9112

RECEIVED
SEP 02 2004
U.S. DISTRICT COURT
JNE CHAMBERS

September 2, 2004

Hon. Joan N. Ericksen
United States District Court
748 Federal Building
316 North Robert Street
St. Paul, MN 55101

**VIA HAND DELIVERY**

Re: St. Paul Mercury Ins. Co. v. JBA International, Inc. (Case No. 01-0297 JNE/JGL)
JBA International, Inc. v. St. Paul Mercury Ins. Co. (Case No. 01-2161 JNE/JGL)

Dear Judge Ericksen:

Pursuant to L.R. 7.1(g), St. Paul Mercury Insurance Company respectfully requests permission to file a motion for reconsideration of its Motion for Partial Summary Judgment on Policy Interpretation (Reasonable Expectations), which the Court denied in its August 19, 2004 Order.

Two compelling circumstances exist that warrant additional consideration and briefing of St. Paul's Motion, circumstances that could change the ultimate disposition of the Motion. First, reconsideration of St. Paul's Motion is required because the Court's prediction as to how the New Jersey Supreme Court would rule on the interpretation of the St. Paul Policy is inconsistent with New Jersey law on when to apply the reasonable expectations doctrine. As the Court noted in its prior Order, the Policy's definition of when a claim is first made is "unambiguous[]." September 30, 2003 Order at p. 7. Under New Jersey law, the reasonable expectations doctrine cannot be applied to unambiguous policy language unless the language is contrary to New Jersey public policy. *Nunn v. Franklin Mutual Ins. Co.*, 644 A.2d 1111, 1114-1115 (App. Div. 1994). Here, the St. Paul Policy's definition of when a claim is first made is consistent with New Jersey public policy, as evidenced by the fact that the New Jersey insurance commissioner expressly approved St. Paul's 1994 policy form, including the definition of when a claim is first made.[1] Under New Jersey law, policy language that has been approved by the insurance commissioner is presumed to be consistent with New Jersey public policy. *Smith v. Motor Club of America Ins. Co.*, 148 A.2d 37 (N.J. Sup. Ct., Chan. Div., 1959), *aff'd.* 152 A.2d 369 (App. Div.)(per curiam). *See also Nunn*, 644 A.2d at 1115. Because the Policy's definition of when a claim is first made is presumed to be consistent with New Jersey public policy, the reasonable expectations doctrine does not apply here and there is no basis in New Jersey law for the Court to rewrite the Policy and apply it contrary to the plain and unambiguous definition of when a claim is considered to be first made.[2] *Nunn*, 644 A.2d at 1114-1115 (clear and unambiguous policy language is not contrary to New Jersey public policy – and,

[1] The Court previously found that "St. Paul's representations to insurance regulators in 1994 cannot reasonably be interpreted as misleading" and rejected JBA's contention that the Court should not apply the definition of when a claim is first made as written. September 30, 2003 Order at p. 7.

[2] Significantly, the disputed provision in the *Sparks* decision (the specific retroactive date negotiated by the parties) was never submitted to nor approved by the New Jersey insurance commissioner.

SCANNED
U.S. DISTRICT COURT ST. PAUL

thus, reasonable expectations doctrine does not apply – where insurance commissioner approved policy language).

Second, even if New Jersey law allowed the application of the reasonable expectations doctrine under these circumstances, according to an August 4, 2004 decision of the Supreme Court of New Jersey the issue of what JBA actually reasonably expected when it purchased (and subsequently renewed) the St. Paul Policy is a question of fact for the jury. *See President v. Jenkins*, 853 A.2d 247 (N.J. 2004) (copy attached). In *President*, the court determined that the claims-made policy was ambiguous because the policy's retroactive date fell after the effective date and, thus, the court ruled that the policy should be interpreted in accordance with the objectively reasonable expectations of the insured. The court, however, remanded the matter for the fact finder to determine the insured's objectively reasonable expectations, because there was contradictory evidence regarding the insured's expectations at the time the policy was purchased.[3]

Here, as in *President*, there is substantial evidence that contradicts JBA's contention that it had an expectation of coverage for actually foreseeable claims, contrary to the unambiguous language of the Policy. For example, JBA renewed the Policy in June 1998 after its attorney and St. Paul confirmed that St. Paul would apply the Policy's definition of when a claim was first made (and when a claim was considered to be foreseeable) exactly as written. JBA's subsequent renewals of the Policy are evidence that it never reasonably expected the policy definition of when a claim is reasonably foreseeable would be applied to only those claims that were <u>actually</u> foreseeable to JBA. Clearly, if that was JBA's expectation, it never would have purchased the coverage in the first place, and it certainly would not have renewed the Policy two more times. Accordingly, under the New Jersey Supreme Court's recent decision in *President*, the issue of JBA's objectively reasonable expectations is to be determined by the fact finder. To address the impact of the New Jersey Supreme Court's recent decision in *President* on this matter in more detail, St. Paul respectfully requests permission to file a motion for reconsideration.

For the foregoing reasons, St. Paul requests that the Court grant it permission to file a motion for reconsideration of the denial of St. Paul's Motion. In the alternative, as set forth in more detail in the September 2, 2004 letter of Eric Caugh to the Court, St. Paul requests that the Court modify its Order pursuant to 28 U.S.C. 1292(b) so that St. Paul can immediately appeal the Order.

Sincerely,

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

Patricia St. Peter
Eric Caugh

cc: Richard Snyder

[3] Although the insured claimed that he believed his insurance began to provide coverage on January 1, 1998, the court determined that genuine issues of material fact existed because the insured had requested that the claims-made coverage would begin after his occurrence-based coverage expired on February 1, 1998.

285920v1