ZELLE, HOFMANN, VOELBEL, MASON & GETTE
A LIMITED LIABILITY PARTNERSHIP

BOSTON
DALLAS
LOS ANGELES
MINNEAPOLIS
SAN FRANCISCO
WASHINGTON, D.C.
BEIJING*
SHANGHAI*
*In association with ZY & Partners

500 WASHINGTON AVENUE SOUTH - SUITE 4000
MINNEAPOLIS, MINNESOTA 55415
612-339-2020 TELEPHONE
612-336-9100 FACSIMILE
www.zelle.com

Eric Caugh
ecaugh@zelle.com
(612) 336-9178

September 2, 2004

Hon. Joan N. Ericksen
United States District Court
748 Federal Building
316 North Robert Street
St. Paul, MN 55101

**VIA HAND DELIVERY**

Re: St. Paul Mercury Ins. Co. v. JBA International, Inc. (Case No. 01-0297 JNE/JGL)
JBA International, Inc. v. St. Paul Mercury Ins. Co. (Case No. 01-2161 JNE/JGL)

Dear Judge Ericksen:

Under separate cover, St. Paul Mercury Insurance Company has requested leave to file a motion for reconsideration of its denial of St. Paul's Motion for Partial Summary Judgment on Policy Interpretation (Reasonable Expectations). If the Court denies St. Paul's request for permission to file a motion for reconsideration, St. Paul requests that the Court modify its Order to permit St. Paul, pursuant to 28 U.S.C. 1292(b), to immediately appeal the Court's Order.

Section 28 U.S.C. 1292(b) permits a district court to certify a matter not otherwise appealable to the Court of Appeals if the district court believes the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court's August 19, 2004 Order fits these criteria.

The Court's Order addresses a controlling question of law as to the interpretation of the St. Paul policies with respect to the two most significant underlying claims, Hartmarx and Sabre. A question of law may be deemed "controlling" if its resolution is "quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enterprise Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996). Here, the question of law -- whether the reasonable expectations doctrine, under New Jersey law, is applicable such that the St. Paul policy should be interpreted contrary to its unambiguous meaning -- is quite likely to affect the further course of this litigation as to the Hartmarx and Sabre claims. If the policy is applied as written, then there is no need for further litigation as to the Hartmarx and Sabre claims. Moreover, if the policy is applied as written, thus resolving all claims as to Hartmarx and Sabre, then the parties may be able to reach a settlement as to the remaining smaller claims.[1] On the other hand, if the reasonable expectations doctrine is applied, then there will be substantial additional litigation as to what JBA's actual reasonable expectation was when it purchased

[1] The Hartmarx and Sabre claims represent approximately 76% of $10,756,992.54 the total amount claimed by JBA for all of the underlying claims combined.

SCANNED
OCT 2 ? 2004
U.S. DISTRICT COURT ST. PAUL

(and subsequently renewed) the St. Paul policy. *President v. Jenkins*, 853 A.2d 247 (N.J. 2004)(what insured reasonably expected when it purchased insurance policy is question of fact for the jury). In addition, the parties will have to litigate each of the remaining coverage issues related to the Hartmarx and Sabre claims, including apportionment of the amounts for covered and non-covered claims and defense expenses as required under New Jersey law. *See, e.g., SL Industries v. American Motorists Ins. Co.*, 591 A.2d 677, 682 (N.J. Super. Ct. App. Div. 1991); *Muralo Co. v. Employers Ins. of Wausau*, 759 A.2d 348, 354 (N.J. Super. Ct. App. Div. 2000).

There is also substantial ground for a difference of opinion as to the question of law addressed by the Court's Order. The Court's opinion is based on a prediction of how the New Jersey Supreme Court would interpret the St. Paul policy's definition of when a claim is first made, which has not previously been interpreted by any New Jersey appellate court. Thus, the Court's opinion is based on how the New Jersey Supreme Court would address an issue of first impression. By definition, there is substantial ground for difference of opinion in these circumstances.

Finally, an immediate appeal will materially advance the ultimate termination of the litigation. In examining this criterion, a district court should "assess the probability that its decision of which an immediate appeal is sought is in error as well as the extent to which additional time and expense may be saved by an interlocutory appeal." *Kennard v. United Parcel Service, Inc.*, 531 F. Supp. 1139, 1149 (E.D. Mich. 1982). Here, as explained above, an immediate appeal will potentially save the additional time and significant expense incurred by the parties and the Court in litigating the Hartmarx and Sabre claims, which will involve disputed issues such as whether JBA's purported expectation of coverage was reasonable, the determination of when the claims were first made and the apportionment of the amounts claimed between covered and non-covered claims and defense expenses.

Under the circumstances, the Court's Order meets all of the criteria for certification for an interlocutory appeal pursuant to 28 U.S.C. 1292(b). Accordingly, St. Paul respectfully requests that the Court amend its Order to reflect that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Due to the time constraints imposed on St. Paul by 28 U.S.C. 1292(b) if the Court grants this request, St. Paul also requests that the Court provide St. Paul with 21 days notice of its intent to modify the Order so that St. Paul may have sufficient time to prepare its application for leave to appeal to the Court of Appeals. Finally, in light of the impact this interlocutory appeal will have, and to prevent the needless waste of time and money, St. Paul also requests that the Court enter a stay of all proceedings, pursuant to 28 U.S.C. 1292(b), until the Court of Appeals either denies St. Paul's application for leave to appeal or enters a ruling on St. Paul's appeal.

If the Court would like to hear argument on this request, we are available for a hearing or telephone conference at the Court's convenience.

Sincerely,

**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**

Eric Caugh

cc: Richard Snyder

286056v1