UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

St. Paul Mercury Insurance Company,

Plaintiff,

v. Civ. No. 01-297 (JNE/JGL)

JBA International, Inc.,

Defendant.

ORDER

JBA International, Inc.,

Plaintiff,

v. Civ. No. 01-2161 (JNE/JGL)

St. Paul Mercury Insurance Company,

Defendant.

By Order of August 19, 2004, the Court denied St. Paul Mercury Insurance Company's (St. Paul) motion for partial summary judgment and granted in part and denied in part JBA International, Inc.'s (JBA) motion for partial summary judgment. By letters dated September 2, 2004, St. Paul requested permission from the Court to file a motion for reconsideration or in the alternative, for certification pursuant to 28 U.S.C. § 1292(b) (2000). JBA submitted its opposition to St. Paul's requests by letter dated September 8, 2004.

With regard to St. Paul request for permission to file a motion for reconsideration, it argues that this Court's August 19 Order is inconsistent with New Jersey law with respect to when to apply the reasonable expectations doctrine. St. Paul also contends that, even if the Court has accurately interpreted New Jersey law relating the reasonable expectations doctrine, the holding in *President v. Jenkins*, 853 A.2d 247 (N.J. 2004), changed the legal landscape of this issue such that additional briefing is necessary.

"Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances." D. Minn. L.R. 7.1(g). A motion to reconsider should not be employed to relitigate old issues but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dep't. of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

St. Paul's arguments do not demonstrate compelling circumstances; rather, they demonstrate St. Paul's dissatisfaction with the Court's conclusions and its veiled attempt to relitigate old issues. After reviewing the parties' letters, the August 19 Order, the Court's Orders of August 19 2004 and September 30, 2003, and the arguments made before the Court in the summary judgment memoranda and at oral argument, the Court concludes that these issues have been raised before and addressed satisfactorily by the Court. Without more, St. Paul has failed to come forth with any compelling circumstances with respect to these issues to justify reconsideration. Accordingly, the Court denies St. Paul's request to file a motion to reconsider.

St. Paul next requests certification pursuant to 28 U.S.C. § 1292(b) to allow it to appeal this Court's August 19, 2004 Order to the Eighth Circuit Court of Appeals. "A motion for certification must be granted sparingly and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Section 1292(b) establishes three criteria for certification: the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Those criteria are not satisfied here. St. Paul has failed to persuade the Court that the reasonable expectations doctrine under New Jersey law is a controlling issue of law in this case, that the issue engenders substantial

difference of opinion, and that certification will in any way advance the termination of this litigation. Therefore, IT IS ORDERED THAT:

1. St. Paul's requests for permission to file a motion to reconsider [Docket No. 144 in Civ. No. 01-297, and Docket No. 156 in Civ. No. 01-2161] and in the alternative, for certification pursuant to 28 U.S.C. 1292(b) [Docket No. 145 in Civ. No. 01-297, and Docket No. 157 in Civ. No. 01-2161] are DENIED.

Dated: October 25, 2004

S/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge